**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHESTER D. PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-13-1210-R |
| | ) | |
| (1) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OKLAHOMA, a political subdivision, and (2) BRIAN JASPER, in his official capacity as Superintendent for OKLAHOMA COUNTY DISTRICT NO.1, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff and for his causes of action herein alleges and states as follows:

Plaintiff, Chester D. Pratt, files this Complaint as a civil action alleging employment discrimination based upon race prohibited by the following federal statutes: the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*. ("Title VII").

### I. PARTIES TO ACTION

2. Plaintiff, Chester D. Pratt (hereinafter "Plaintiff"), an African-American ("Black") male, resided within the Western District of Oklahoma, county of Oklahoma, at all material times as alleged in this Complaint.

3. Defendant, Board of County Commissioners, a political subdivision which encompasses Oklahoma County District No. 1 (hereinafter "Defendant County"), is an employer engaged in an industry affecting commerce and has over fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year. Defendant's offices are maintained in the Western District of Oklahoma and Defendant conducts its business within the geographical area of Oklahoma City, County of Oklahoma. Defendant may be properly served through the county clerk as the clerk of the Board of County Commissioners.

4. Defendant, Brian Jasper (hereinafter "Defendant Jasper"), was the Superintendent of Oklahoma County District No.1, at all relevant times as alleged in this Complaint, and is thus an agent of Defendant County.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 42 U.S.C. § 2000e-(5) and 28 U.S.C. § 1331.

6. Defendant County is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

7. Plaintiff is an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

8. Plaintiff has exhausted his administrative remedies by timely filing his charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff upon timely filing his charge of discrimination has received the appropriate right to sue letter. This Complaint is timely brought by the filing within the ninety (90) day period following receipt of said Notice of his right to sue.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f)(3), as demonstrated below, as all the transactions and events material to the Complaint took place within the Western District of Oklahoma.

### III.  FACTS COMMON TO ALL CLAIMS AND DEFENDANT

10. Plaintiff is a Fifty-One (51) year old male of African-American ancestry. He was initially hired by Defendant County on or about November 1, 1999. However, during the time of the alleged discrimination, Plaintiff worked as an Equipment Operator under Defendant Jasper, who served as Superintendent.

11. Plaintiff was qualified to perform his job duties and did so in a satisfactory manner.

12. While employed by Defendant County, Plaintiff was subjected to different terms and conditions of employment and discriminated against because of his race by Defendant Jasper and other agents of Defendant County. Such adverse actions included, but were not limited to, unjustified reprimands, unequal discipline, and being treated unequally as compared to similarly situated Caucasian ("White") employees.

13. Such unequal treatment was based solely upon Plaintiff's race.

14. On or about October 12, 2012, Plaintiff was reprimanded by Defendant Jasper without justification and received fifteen (15) days of suspension without pay. The facts surrounding the unwarranted reprimand involved Plaintiff and two (2) other Black male employees who were all accused of failing to place a single filter on one of the work vehicles. No damage occurred to the vehicle as a result of the missing filter, and Plaintiff and the other two (2) employees stated that they had no involvement in the filter not

being placed on the vehicle. Nonetheless, all three men received suspensions of fifteen days without pay after being hauled downtown to the Oklahoma County Courthouse and interrogated repeatedly.

15. On the other hand, approximately two weeks prior to Plaintiff's suspension, three (3) Caucasian employees, named Floyd, Matt, and Dan were also questioned about a similar incident where they also allegedly failed to place a filter on a vehicle. However, these three employees were conferred with in the office, received no write-ups or suspensions, and were not subjected to the humiliation of being escorted to the Courthouse and interrogated as was Plaintiff and the other African American employees.

16. Defendant County has had a pattern of treating African American employees unequally as compared to non-African American employees. For example, Plaintiff has proof of instances whereby Black employees were mandated to take drug tests after being involved in work related accidents, whereas White employees with identical conduct were not. Additionally, there were occurrences when White employees who had tested positive for drugs in the workplace were able to maintain their employment with Oklahoma County District No. 1 while Black employees with the same conduct were terminated.

17. Plaintiff made complaints to his employer's agents regarding the discriminatory acts, however, such complaints were ignored and the conditions which Plaintiff complained of were permitted to continue unabated.  Because his internal complaints were virtually ignored, ultimately Plaintiff was forced to file formal charges of discrimination with the U.S. Equal Employment Commission.

18. After filing his complaints about discrimination with the U.S. Equal Employment Commission, Plaintiff returned to work and stated openly that he had filed with the agency, immediately thereafter he was forced to travel over a mile, on foot, while picking up debris by hand, with the other two (2) Black employees he was reprimanded with. Historically, no other employee had been subjected to this unreasonable duty, and the same is more evidence of Defendants' blatant disregard for Plaintiff's rights.

19. The totality of Defendants' conduct and actions have caused Plaintiff to sustain loss of wages, loss of benefits and other compensation, loss of future wages, punitive damages, other compensatory damages, including without limitation, humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

## CAUSE OF ACTION—RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII and 42 U.S.C. §1981

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through nineteen (19) as if fully restated herein, and further alleges and states:

20. Defendant County and/or its agents unlawfully discriminated against Plaintiff because of his race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

21. Defendant County and/or its agents treated similarly-situated non-African American employees more favorably in terms, privileges and conditions of their employment that Plaintiff was so treated.

22.     Defendants' actions were intentional, willful and in reckless disregard of Plaintiff's rights as protected by the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

23.     Due to Defendants' unlawful acts and conduct, Plaintiff has suffered harm and entitled to damages.  Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's violations of Section 1981, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendants for such unlawful conduct.

24.     Plaintiff is also entitled to all remedies and relief provided for a willful violation of Title VII, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendants for such unlawful conduct.

WHEREFORE, Plaintiff, Chester D. Pratt, prays for judgment against Defendants, each of them, on his causes of action; that he be awarded all available compensatory damages, including, but not limited to, lost wages and benefits, damages for emotional distress and loss of enjoyment in life for an amount in excess of $250,000;  and punitive damages on such claims as may be available; that Defendants are ordered to pay attorney fees and cost incurred in litigating these causes of action, and for such other and further relief as may be available in law and equity.

Respectfully submitted,

s/Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio  OBA#19652
THE LAW OFFICES OF SMITH & D'ANTONIO
500 North Walker Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone:   (405) 488-3800
Facsimile:    (405) 488-3802
Email: cynthiad@smithdantoniolaw.com

ATTORNEYS FOR PLAINTIFF
CHESTER D.PRATT

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**